ROGER J. McCONKIE (USB No. 5513)
*rmcconkie@wnlaw.com*
BRITTANY FRANDSEN (USB No. 16051)
*bfrandsen@wnlaw.com*
WORKMAN | NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorney for Plaintiffs
AST DESIGN, LLC AND AS DESIGN, LLC, D/B/A MARIA SHIREEN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AST DESIGN, LLC, a California limited liability company, and AS DESIGN, LLC, d/b/a MARIA SHIREEN, a California limited liability company | Civil Action No. 2:18-cv-00675-PMW |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| PRIME TIME NYC LLC, a New York limited liability corporation, | Honorable Judge Paul M. Warner |
| Defendant. | |

Plaintiffs AST Design, LLC and AS Design, LLC, d/b/a Maria Shireen (collectively, "Plaintiffs") complain and allege against Defendant Prime Time NYC LLC as follows:

## THE PARTIES

1. Plaintiff AST Design, LLC (hereinafter "AST Design") is a California limited liability company with a principal place of business at 101 West Broadway, Suite 535, San Diego, California, 92101.

2.      Plaintiff AS Design, LLC, d/b/a Maria Shireen (hereinafter "Maria Shireen") is a California limited liability company with a principal place of business at 101 West Broadway, Suite 535, San Diego, California, 92101.

3.      On information and belief, Defendant Prime Time NYC LLC (hereinafter "Prime Time" or "Defendant") is a New York limited liability company with a principal place of business located at 385 5th Avenue, Suite 304, New York, New York, 10016.

## JURISDICTION AND VENUE

4.      This is a civil action (the "Action") for declaratory judgment of infringement of U.S. Pat. No. 9,526,304 ("the '304 patent"), U.S. Pat. No. 9,770,076 ("the '076 patent"), and U.S. Pat. No. 9,775,413 ("the '413 patent") under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States, 35 U.S.C. § 101 et seq.

5.      Subject matter jurisdiction of this Court over this Action is founded upon 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), as well as 28 U.S.C. §§ 2201–2202.

6.      On information and belief, Prime Time has offered goods and services within the State of Utah that infringe one or more claims of the '304 patent, the '076 patent, and the '413 patent. These actions by Prime Time have resulted in injury to Plaintiffs and relate to, and in part give rise to, the claims asserted herein by Plaintiffs.

7.      This Court's exercise of personal jurisdiction over Prime Time is consistent with the Constitutions of the United States, the State of Utah, and the Utah Long Arm Statute, Utah Code Ann. § 78B-3-205, as Prime Time has purposely availed itself of the privilege of conducting business in this State and in this judicial district, and Prime Time sells its products in Utah.

**BACKGROUND AND FACTUAL ALLEGATIONS**

8. Plaintiffs are the designers behind the unique Maria Shireen hair tie bracelets. Plaintiffs' hair tie bracelets are designed to transform unattractive, uncomfortable hair ties into stylish accessories.

9. Plaintiffs have expended significant resources to protect their intellectual property, and have obtained various patents in connection therewith. Three of these patents, which AST Design owns by assignment, are the '304 patent, the '076 patent, and the '413 patent, which are each directed to versatile jewelry. Copies of the '304 patent, the '076 patent, and the '413 patent are attached hereto as Exhibits A, B, and C, respectively.

10. The '304 patent was subject to an *ex parte* reexamination procedure in the United States Patent and Trademark Office ("USPTO"). The USPTO issued a Reexamination Certificate on July 2, 2018 confirming the patentability of new claims 22 and 23, of claims 1, 16, 20, and 21 as amended, and of claims 4–6, 8, 10–15, and 18 as dependent on an amended claim. A copy of the *ex parte* reexamination certificate is attached hereto as Exhibit D. U.S. Pat. No. 9,526,304 B2 and 9,526,304 C1 are collectively referred to herein as the '304 patent.

11. Maria Shireen is the exclusive licensee of each of the '304 patent, the '076 patent, and the '413 patent, with full rights to enforce the same.

12. Prime Time is a manufacturing company that manufactures and sells various products to companies throughout the United States.

13. Upon information and belief, Prime Time has manufactured, used, imported, exported, offered to sell, and/or sold jewelry in the United States that infringes one or more claims of the '304 patent, the '076 patent, and the '413 patent. In particular, Prime Time has manufactured, used, imported, exported, offered to sell, and/or sold hair tie bracelets ("the Accused Products") that infringe at least claim 21 of the '304 patent, claim 1 of the '076 patent, and claim 1 of the '413 patent, as shown in the claim charts attached as Exhibits E, F, and G, respectively.

## COUNT I

(Declaratory Judgment of Infringement of U.S. Patent No. 9,526,304)

14. Plaintiffs refer to and incorporate herein by reference each of the foregoing paragraphs of this Complaint.

15. There is a present actual and justiciable case or controversy between Plaintiffs and Prime Time regarding infringement of the '304 patent.

16. Prime Time, by the acts complained herein, and by making, using, selling, offering for sale, importing, and/or exporting into the United States products, including at least the Accused Products, that embody the invention claimed in the '304 patent, has in the past, does now, and continues to directly infringe, contributorily infringe and/or induce others to infringe at least claim 21 of the '304 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

17. By reason of the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiffs request a declaration resolving the dispute between the parties.

## COUNT II

(Declaratory Judgment of Infringement of U.S. Patent No. 9,770,076)

18. Plaintiffs refer to and incorporate herein by reference each of the foregoing paragraphs of this Complaint.

19. There is a present actual and justiciable case or controversy between Plaintiffs and Prime Time regarding infringement of the '076 patent.

20. Prime Time, by the acts complained herein, and by making, using, selling, offering for sale, importing, and/or exporting into the United States products, including at least the Accused Products, that embody the invention claimed in the '076 patent, has in the past, does now, and continues to directly infringe, contributorily infringe and/or induce others to infringe at least claim 1 of the '076 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

21. By reason of the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiffs request a declaration resolving the dispute between the parties.

## COUNT III

(Declaratory Judgment of Infringement of U.S. Patent No. 9,775,413)

22. Plaintiffs refer to and incorporate herein by reference each of the foregoing paragraphs of this Complaint.

23. There is a present actual and justiciable case or controversy between Plaintiffs and Prime Time regarding infringement of the '413 patent.

24. Prime Time, by the acts complained herein, and by making, using, selling, offering for sale, importing, and/or exporting into the United States products, including at least the Accused Products, that embody the invention claimed in the '413 patent, has in the past, does now, and continues to directly infringe, contributorily infringe and/or induce others to infringe at least claim 1 of the '413 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

25. By reason of the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiffs request a declaration resolving the dispute between the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand for a judgment in their favor and pray the Court to award the following relief:

1. An order finding that Prime Time has infringed claim 21 of the '304 patent;

2. An order finding that Prime Time has infringed claim 1 of the '076 patent;

3. An order finding that Prime Time has infringed claim 1 of the '413 patent; and

4. Such other and further relief as the Court deems appropriate and just under the circumstances.

Respectfully submitted,

WORKMAN NYDEGGER

Dated: August 29, 2018     By: */s/ Roger J. McConkie*
                                Roger J. McConkie (#5513)
                                Brittany Frandsen (#16051)
                                60 East South Temple, Suite 1000
                                Salt Lake City, UT 84111
                                Tel: (801) 533-9800
                                rmcconkie@wnlaw.com
                                bfrandsen@wnlaw.com

*Attorneys for Plaintiffs*